## JAMES v. ARBUCKLE.

Where a party asks for the continuance of a cause, on the ground of the absence of a witness, whose residence he does not know, he should show either that he has not had time to ascertain the residence of the witness, or that he has used proper diligence to ascertain his residence.

Where in an action commenced before a justice of the peace, it appears that no defense was made before the justice, no object is to be gained by granting a continuance in the district court, on appeal, on the ground of the absence of a witness.

Action commenced before a justice of the peace, in April, 1856, to which the defendant made no defense, and judgment was rendered against him. On appeal, and in September, 1857, the defendant filed in the district court an affidavit for a continuance, on the ground of the absence of a witness, stating in his affidavit "that said witness resides somewhere in the state of Illinois, but the county I am not able to state, at present," which application was overruled ; *Held*, That the continuance was properly refused.

*Appeal from the Pottawattamie District Court.*

TUESDAY, APRIL 12.

THIS action, upon a promissory note, was commenced before a justice of the peace. The defendant was served, but made default and appealed. In the district court, he filed an affidavit for a continuance, upon the ground of the want of the testimony of a witness, under section 1766 of the Code. The affidavit seems to be complete in form, unless upon the residence of the witness, upon which it says, "that said witness resides somewhere in the state of Illinois, but

the county, I am not able to state at present." The action was commenced in April, 1856, and the affidavit for a continuance, filed in September, 1857. The application for the continuance was overruled, and judgment rendered against the defendant, from which he appeals.

—— *Ingersoll* and *C. E. Stone*, for the appellant.

No appearance for the appellee.

WOODWARD, J.—It appears from the argument of the appellant, that the motion was overruled, because the affidavit did not conform to the statute, in stating the residence of the witness. The affiant states that the witness resides in the state of Illinois, but he does not yet know the county. However the question of sufficiency might be regarded, if the action were recently commenced, it is to be taken in connection with the question of diligence, and it appears that the action was brought before a justice of the peace in April, 1856, and after an appeal, in September, 1857, the defendant files this motion, and does not show the use of any diligence whatever to ascertain the residence of the witness. After the lapse of so much time, he should show, either the residence, and a reason why he has not obtained the testimony, or else the use of proper diligence. This he does not do.

But there is another ground upon which the application would seem to have been correctly overruled, and it may have been the ground upon which the court decided. The defendant had set up no defense. He filed no answer, nor does the justice's docket show an oral one, but on the contrary, states that there was no defense, and we should infer that defendant made default. Neither was there an answer offered in the district court, assuming, for the moment, that this might be done. In this state of the case, then, with a default—with no issue, oral or written—no defense put in—there was no object in a continuance.

The judgment of the district court is affirmed.